UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   2:24-cv-04888
AHMAD ISMAEL IBRAHIM and MOHAMMAD TAHIR,

                Plaintiffs,                                  **ANSWER TO COMPLAINT**

              – against –

NASSAU COUNTY, T20 WORLD CUP USA INC., GARDAWORLD SECURITY SERVICES MANAGEMENT COMPANY, INC., JOHN DOE #1-4, JANE DOE, GEORGE DOE #1-3,

                Defendants
------------------------------------------------------------------X

      Defendant Nassau County, (hereinafter referred to as "County Defendant"), by their attorney Thomas A. Adams, Nassau County Attorney, by Victoria LaGreca, Esq., Deputy County Attorney, as and for their answer to Plaintiffs' complaint, sets forth as follows:

## AS AND FOR A RESPONSE TO "PRELIMINARY STATEMENT"

1. Deny the allegations asserted in paragraph numbered 1 of the complaint and respectfully refer all questions of law to the Court.

2. Deny the allegations asserted in paragraph numbered 2 of the complaint.

3. Deny the allegations asserted in paragraph numbered 3 of the complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A RESPONSE TO "JURISDICTION"

4. Deny the allegations asserted in paragraph numbered 4 of the complaint, and respectfully refer all questions of law to the Court.

5. Deny the allegations asserted in paragraph numbered 5 of the complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A RESPONSE TO "FACTS"

6. Paragraph numbered 6 of the complaint contains assertions rather than allegations to which no response is required.

7. Paragraph numbered 7 of the complaint contains assertions rather than allegations to which no response is required.

8. Deny the allegations asserted in paragraph numbered 8 of the complaint, except to admit that Nassau County hosted the T20 ICC World Cup at Eisenhower Park in the Nassau County International Cricket Stadium.

9. Deny the allegations asserted in paragraph numbered 9 of the complaint.

10. Deny the allegations asserted in paragraph numbered 10 of the complaint.

11. Deny the allegations asserted in paragraph numbered 11 of the complaint, except to admit that there were security screenings at the ICC World Cup event.

12. Deny the allegations asserted in paragraph numbered 12 of the complaint.

13. Deny the allegations asserted in paragraph numbered 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 14 of the complaint.

## AS AND FOR A RESPONSE TO "AHMAD IBRAHIM"

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 15 of the complaint.

16. Paragraph numbered 16 of the complaint contains assertions rather than allegations to which no response is required.

17. Paragraph numbered 17 of the complaint contains assertions rather than allegations to which no response is required.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 21 of the complaint.

22. Deny the allegations asserted in paragraph numbered 22 of the complaint.

23. Deny the allegations asserted in paragraph numbered 23 of the complaint.

24. Deny the allegations asserted in paragraph numbered 24 of the complaint.

25. Deny the allegations asserted in paragraph numbered 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 26 of the complaint.

27. Deny the allegations asserted in paragraph numbered 27 of the complaint.

28. Deny the allegations asserted in paragraph numbered 28 of the complaint.

## AS AND FOR A RESPONSE TO "MOHAMMAD TAHIR"

29. Deny the allegations asserted in paragraph numbered 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 31 of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 32 of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 33 of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 35 of the complaint.

36. Deny the allegations asserted in paragraph numbered 36 of the complaint, except to admit that the Nassau County Police Department is an administrative arm of the County of Nassau, having such powers delegated to it by law.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 37 of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 38 of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 39 of the complaint.

40. Deny the allegations asserted in paragraph numbered 40 of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 41 of the complaint.

42. Deny the allegations asserted in paragraph numbered 42 of the complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR A RESPONSE TO "CLASS ACTION ALLEGATIONS"**

43. Deny the allegations asserted in paragraph numbered 43 of the complaint, and respectfully refer all questions of law to the Court.

44. Deny the allegations asserted in paragraph numbered 44 of the complaint, and respectfully refer all questions of law to the Court.

45. Deny the allegations asserted in paragraph numbered 45 of the complaint, and respectfully refer all questions of law to the Court.

46. Deny the allegations asserted in paragraph numbered 46 of the complaint.

47. Deny the allegations asserted in paragraph numbered 47 of the complaint.

48. Deny the allegations asserted in paragraph numbered 48 of the complaint, and respectfully refer all questions of law to the Court.

49. Deny the allegations asserted in paragraph numbered 49 of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 50 of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 51 of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 52 of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 53 of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 54 of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 55 of the complaint.

56. Deny the allegations asserted in paragraph numbered 56 of the complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A RESPONSE TO "DAMAGES"

57. Deny the allegations asserted in paragraph numbered 57 of the complaint.

## AS AND FOR A RESPONSE TO "FIRST CAUSE OF ACTION"

58. Responsive to paragraph numbered 58 of the complaint, the County repeats and realleges the allegations asserted in paragraph numbers 1 through 57 as if fully set forth herein.

59. Deny the allegations asserted in paragraph numbered 59 of the complaint.

60. Deny the allegations asserted in paragraph numbered 60 of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph numbered 61 of the complaint.

62. Deny the allegations asserted in paragraph numbered 62 of the complaint.

63. Deny the allegations asserted in paragraph numbered 63 of the complaint.

64. Deny the allegations asserted in paragraph numbered 64 of the complaint.

## AS AND FOR A RESPONSE TO "SECOND CAUSE OF ACTION"

65. Responsive to paragraph numbered 65 of the complaint, the County repeats and realleges the allegations asserted in paragraph numbers 1 through 64 as if fully set forth herein.

66. Deny the allegations asserted in paragraph numbered 66 of the complaint.

67. Deny the allegations asserted in paragraph numbered 67 of the complaint.

68. Deny that plaintiffs are entitled to judgment in their favor or any amount of damages.

## AFFIRMATIVE DEFENSES

69. Plaintiff(s) have failed to mitigate damages in this matter.

70. Plaintiff(s) fail to state a cause of action against the County of Nassau upon which relief can be granted.

71. At all times herein mentioned and mentioned in the complaint, the police officers, agents, servants and/or employees of the County of Nassau having anything to do with the plaintiff were in the performance of their respective duties as police officers, agents, servants and/or employees of the County of Nassau; that all of the acts of such persons as peace officers and all of the acts of each police officer, agent and/or employee of the County of Nassau in connection with the plaintiff were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties as such police officers, agents, servants and/or employees of the County of Nassau, as peace officers of the State of New York, and as required by them and each of them by reason of the conduct of the plaintiffs and the aforementioned arrest and confinement.

72. The actions complained of were in full accord with the applicable law.

73. The alleged acts of conduct of the named defendants herein, under the case of <u>Monell v. New York City Department of Social Services</u>, does not create vicarious liability pursuant to the doctrine of respondeat superior, and consequently, defendant cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

74. Plaintiffs' constitutional and statutory rights have not been violated by the County defendants.

75. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

76. That if the plaintiffs sustained the damages as alleged in the complaint, such damages were sustained solely through and by virtue of the negligent, reckless, or wrongful conduct of the plaintiffs without any negligence, recklessness or wrongful conduct on the part of the defendant, its agents, servants or employees contributing thereto.

77. Punitive damages may not be recovered against the County of Nassau as a matter of law.

78. That at all the times mentioned in the Complaint and herein mentioned, all employees of the defendant County of Nassau alleged to have anything to do with the Plaintiff(s) acted in good faith and without malice.

79. With respect to any state law claims, plaintiffs have not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New

York. Plaintiffs have not complied with Section 52 of the County Law of the State of New York.

80. The alleged acts or omissions of the County Defendant were not the proximate cause of any injuries or damages allegedly incurred by the Plaintiff(s). Any injuries or damages allegedly incurred by the Plaintiff(s) were the result of his and her own actions the actions of others and/or the superseding intervention of causes outside the control of the County Defendant.

81. That at all times mentioned in the complaint and herein mentioned, all employees of the County of Nassau alleged to have anything to do with the plaintiff acted in their respective official capacities, and as members of the Police Department of Nassau County and they were and still are police officers and peace officers of the State of New York.

82. Plaintiffs have failed to extinguish all available state remedies and, therefore, are not entitled to institute the within claim.

83. Plaintiff is prohibited from proceeding with this action until such time as he stipulates to the unsealing of the criminal records of plaintiff underlying this action contained in the Nassau County Police Department, the Office of the District Attorney of Nasau County and the State Court system.

84. With respect to any state law claims, pursuant to Civil Procedure Law and Rules § 1603, the County Defendant asserts the limitations contained in Civil Procedure Law and Rules §§ 1601 and 1602 and all rights contained therein.

WHEREFORE, the County Defendant respectfully demand that plaintiffs' complaint be dismissed in its entirely with prejudice, and for such other relief that this Court deems just and proper.

DATED:   Mineola, New York
         September 30, 2024

                                                Thomas A. Adams
                                                Nassau County Attorney

                                                *Victoria LaGreca*
                                                Victoria LaGreca, Esq.
                                                Deputy County Attorney
                                                *Attorney for County Defendant*
                                                Office of the County Attorney
                                                One West Street
                                                Mineola, New York 11501
                                                516-571-5775

TO:

Stoll, Glickman & Bellina, LLP
Andrew B. Stoll, Esq.
*Attorneys for Plaintiffs*
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
718-852-3710


Cowan DeBaets Abrahams & Sheppard LLP
Scott Jonathan Sholder, Esq.
*Attorneys for T20 World Cup USA Inc.*
60 Broad Street
30th Floor
New York, New York 10004
212-974-7474

Blank Rome, LLP
Anthony A. Mingione, Esq.
*Attorneys for Gardaworld Security Services Management Company, Inc.*
1271 Avenue of the Americas
New York, New York 10020
212-885-5000

11